UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JOHN GULCH,

        Petitioner,         Case No. 1:07-cv-1205

v.         Honorable Wendell A. Miles

MARY BERGHUIS et al.,

        Respondents.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court finds the petition is frivolous.  Accordingly, the petition will be denied.

**Discussion**

I.  Factual allegations

Petitioner James John Gulch presently is incarcerated with the Michigan Department of Corrections and housed at the West Shoreline Correctional Facility (MSP). He sues MSP Warden Mary Burghuis, 40th Circuit Court Judge Nick O. Holowka, 71-A District Court Judge John Connolly, Assistant Prosecuting Attorney Byron Konschuh, and Assistant Prosecuting Attorney Timothy Turkelson.[1]

According to quasi-legalistic ramblings of the complaint, Petitioner appears to allege that attorneys licensed by the State Bar of Michigan are not, in fact, "licensed" to practice law in Michigan because the State Bar of Michigan is a voluntary association. Petitioner contends that licensing may only be conducted in accordance with the British Accredited Registry (BAR) system established in Boston in 1761, which certified BAR attorneys as officers of the court. Attorneys licensed by the State Bar of Michigan, Petitioner argues, are merely foreign agents as defined under 22 U.S.C. § 611, who have not properly registered under 22 U.S.C. § 612. As a result, Petitioner contends, his conviction through the practice of un-licensed, non-BAR attorneys and judges, was reached in the absence of all jurisdiction. He further argues that Respondents' actions were taken on behalf of foreign corporate entities (the State and its subdivisions) and violated Respondents' oaths of office. For these reasons, he contends that his conviction violated his rights to equal

---

[1] Rule 2(a), RULES GOVERNING § 2254 CASES, provides that a petition for writ of habeas corpus must "name as a respondent the state officer who has custody." *Id.* *See also* 28 U.S.C. § 2242. Petitioner has named Warden Mary Berghuis, but he also has named other Respondents to the action who are not his custodians under the statute or rule. Accordingly, dismissal of Respondents other than Berghuis is proper for the reason that they are not proper respondents to a petition for writ of habeas corpus, in addition to the other reasons cited herein..

protection and due process. For relief, he seeks immediate release from prison and an order vacating all sentences imposed upon him by these non-registered foreign agents.

II.    Merits

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES).

As previously noted, Rule 4 permits the dismissal of petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false." *Carson*, 178 F.3d at 437. Petitioner's claims clearly lack an arguable basis in law or in fact. His recitation of the origins of legal licensure in the United States and the State of Michigan is neither accurate nor relevant. As a matter of public record, the attorneys involved in Petitioner's conviction were properly licensed in the State of Michigan and the judge had clear jurisdiction to decide the case. None of the Respondents is a foreign agent required to register under 22 U.S.C. § 612. Further, the State of Michigan and its subdivisions are not foreign corporate entities required to file registration statements under the statute. Petitioner, therefore, has asserted no grounds on which his conviction could be said to violate his right to equal protection or due process.[2]

---

[2] The court notes that several other plaintiffs have recently raised the same incredibly silly claims plaintiff raises here. Whoever is supplying plaintiffs with these claims is doing plaintiffs a disservice.

**Conclusion**

For the foregoing reasons, the habeas corpus petition will be summarily dismissed pursuant to Rule 4 because the petition is frivolous.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commi'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.* The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's frivolous claims was debatable or wrong for the reasons set forth above. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  December 21, 2007                                          /s/ Wendell A. Miles
                                                                                                   Wendell A. Miles
                                                                                                   Senior United States District Judge